NO. 07-01-0354-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 5, 2002



______________________________




REYNALDO ROSAS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-433,545; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ABATEMENT AND REMAND


 Pursuant to a plea of guilty, appellant Reynaldo Rosas was convicted of injury to
a disabled person and punishment was assessed at eight years confinement. Appellant
timely filed a notice of appeal on August 17, 2001. After numerous extensions of time were
granted in which to file the clerk's record and the reporter's record due to nonpayment of
fees, by letter dated January 17, 2002, this Court directed appellant's retained counsel,
Mr. David Martinez, to explain within ten days why neither payment nor arrangement to pay
for the records had been made. Mr. Martinez did not respond and both the clerk's record
and reporter's record remain outstanding. Therefore we now abate the appeal and remand
the cause to the trial court for further proceedings. See Tex. R. App. P. 37.3.

 Upon remand the trial court shall immediately cause notice of a hearing to be given
and, thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute this appeal; and if so,

 2. whether appellant's retained counsel continues to represent him and what
steps need to be taken to ensure a diligent pursuit of this appeal;

 3. whether appellant has been deprived of an appellate record because of
ineffective assistance of counsel or for any other reason; and

 4. whether appellant is indigent and entitled to appointed counsel.


The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant does want to continue this appeal and is indigent, then the trial court shall also
take such measures as may be necessary to assure appellant effective assistance of
counsel, which may include the appointment of new counsel. If new counsel is appointed,
the name, address, telephone number, and state bar number of said counsel shall be
included in the order appointing new counsel. Finally, the trial court shall execute findings
of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental records with the
Clerk of this Court by Friday, March 22, 2002.

 It is so ordered.

 Per Curiam

Do not publish.



                                                   Appellant
v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 320th DISTRICT COURT OF POTTER COUNTY;

NO. 49,678-D; HONORABLE DON R. EMERSON, JUDGE

________________________________

Order
_________________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

          Before the court are several documents filed by Barry Dwayne Minnfee (appellant). 
They are entitled 1) “Extra-notice Requirements. Notice of Appeal. Grand Jury Testimony,”
2) “Extra-notice Requirements Specific Notice of Appeal To Seal - Under Seal - Unsealed
Tex. Gov. Code Sec. 51.204(b)(2) Exhibits,” 3) “Motion for Leave to File an Amended
Complaint,” 4) “Extra-notice requirements Notice of Appeals. Voir dire examination.
record,” 5) “Motion for Leave to file Disqualification or Recusal of Appellate Judges,” 6)
“Motion for Attorney’s fees,” 7) “Extra-notice Requirements Specific Notice of Appeals
Indigent Petitioner entitled to documents without cost trial file - contain, police reports.
forensic reports. witness statements and pre-trial motions,” 8) “Motion fore Leave to file
‘Right to Speedy Trial’ New Trial Amendment of Judgment relief from Judgment or Order.” 
Each document purports to be encompassing his 2005 robbery conviction in cause number
49,678-D. However, this court affirmed his conviction in an opinion issued on July 5, 2006. 
Therefore, appellant has already exhausted his right to appeal to this court.


 Accordingly,
we deny the above referenced matters and requests as moot.



          Moreover, appellant is informed that if he persists in filing documents, pleadings,
and like items with this court regarding trial court cause number 49,678-D and which fall
outside of this court’s jurisdiction, they will be returned unfiled. So too will the court initiate
steps to determine whether appellant is a vexatious litigant or has otherwise abused the
appellate process. Should it be determined that he is or has, then appropriate, lawful
measures will be invoked to end his activities.
 
                                                                           Brian Quinn 
                                                                          Chief Justice 



Do not publish.